UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWN CAPITAL, LLC,

    Plaintiff,

v.                                                Case No. 11-10109

CELEBRITY SUZUKI OF ROCK HILL, LLC, and
HELMI FELFEL,

    Defendants.
                                                  /

**ORDER INVITING PLAINTIFF TO FILE A SUPPLEMENTAL BRIEF**

      Before the court is Plaintiff's motion for costs and attorney fees, filed on June 10, 2011. Defendants have responded. The court's preliminary research has revealed two alternative grounds for denying the motion, only one of which was raised in the parties' briefing, and then only in passing. Consequently, the court will invite Plaintiff to file an optional, supplemental brief on these issues before the court rules on the motion.

      The FAA does not empower the court to award attorney fees or costs associated with confirmation. *Menke v. Monchecourt*, 17 F.3d 1007, 1008-09 (7th Cir. 1994); *Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 752 (W.D. Mich. 2008). Without statutory authorization or an enforceable contract, a court generally may not deviate from the "American Rule" that each party must bear its own costs. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 254-55, 263-69 (1975). Thus, attorney fees and costs assumed in pursuit of confirmation may not be ordered on the basis of the underlying arbitrated agreement, because the court's role in such actions is not to directly enforce the agreement. *See Menke*, 17 F.3d at 1008-09. This

is especially true where the agreement provides that any dispute must be submitted to arbitration.  *See Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir. 1986) (finding district court had power to award attorney fees because that issue was not submitted to arbitration but observing the argument against that finding "would have more merit" if agreement had clause mandating an arbitral resolution of all disputes).

Thus, it appears in this case that not only does the FAA not permit the award of costs and fees, but even if it did allow the court to award costs and fees on the basis of the underlying contract, paragraph 19 of the Promissory Note would require the court to deny the motion because the fees and costs dispute must be submitted to arbitration. Accordingly,

IT IS ORDERED that Plaintiff is INVITED to file an optional, supplemental brief addressing the issues raised in this order by **July 29, 2011**.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-10109.OWNCAPITAL.InviteSupplementalBrief.jmp.wpd