**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

OWN CAPITAL, LLC,

    Plaintiff,

v.                                                        Case No. 11-10109

CELEBRITY SUZUKI OF ROCK HILL, LLC, and
HELMI FELFEL,

    Defendants.
                                                           /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY FEES**

Plaintiff has moved the court for an award of costs and attorney fees incurred during this action to confirm the arbitration award. The motion asserts Plaintiff is entitled to costs and fees pursuant to the contract that was the subject of the arbitration. Defendants have responded to the motion. On July 18, 2011, the court invited Plaintiff to file an optional, supplemental brief addressing issues not clearly raised in the motion and response, but the invitation was met with silence. No hearing on the matter is necessary. E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion will be denied.

**I. BACKGROUND**

Defendant Helmi Felfel signed an agreement, the "Promissory Note" ("Note"), on behalf of Defendant Celebrity Suzuki of Rock Hill, LLC, and he also signed a "Personal Guaranty for Repayment of Cash Loan" ("Guaranty") in exchange for a $300,000 loan for his automobile dealership. Defendants defaulted on the loan obligation, and Plaintiff

took them to arbitration and won. Plaintiff moved to have the award confirmed, which the court did on January 20, 2011. Defendants then filed a motion to have the award vacated or modified. The court denied that motion in a May 25, 2011, opinion and order, and entered judgment against Defendants the same day.

Plaintiff's pending motion asks the court to award costs and attorney fees associated with the confirmation litigation. The motion points to paragraph 12 of the Note as the sole basis for the award of costs and fees. The paragraph provides in full:

> The prevailing party in any action to collect payment on this note, or in connection with any dispute which arises as to its enforcement, validity or interpretation, whether or not legal action is instituted or prosecuted to final judgment, or to enforce any judgment obtained in any related legal proceeding, shall be entitled to all costs and expenses incurred, including reasonable attorney fees.

(Mot. Br. Ex. 2, Note ¶ 12.)

## II. DISCUSSION

As previously explained, federal court review of an arbitral award under the Federal Arbitration Act ("FAA") is extraordinarily narrow. *Lattimer-Stevens Co. v. United Steelworkers of Am.*, 913 F.2d 1166, 1169 (6th Cir. 1990); *see Nationwide Mut. Ins. Co. v. Home Ins. Co.* (*Nationwide IV*), 429 F.3d 640, 643 (6th Cir. 2005). The court does not sit as an appellate court over the arbitrator, or ensure that the arbitrator has properly interpreted the law, or enforce the various provisions of the contract. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1767 (2010). Instead, the court's review is constricted to a few statutorily-authorized and enumerated inquiries under 9 U.S.C.

§§ 9-11.  *See, e.g.*, *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 & n.4 (2008).

The FAA does not empower the court to award attorney fees or costs associated with confirmation.  *Menke v. Monchecourt*, 17 F.3d 1007, 1008-09 (7th Cir. 1994); *Moore v. Ferrellgas, Inc.*, 533 F. Supp. 2d 740, 752 (W.D. Mich. 2008).  Without statutory authorization or an enforceable contract, a court generally may not deviate from the "American Rule" that each party must bear its own costs.  *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 254-55, 263-69 (1975).  Thus, in accordance with these principles, attorney fees and costs assumed in pursuit of confirmation may not be ordered on the basis of the underlying arbitrated agreement, because the court's role in such actions is not to directly enforce the agreement.  *See Menke*, 17 F.3d at 1008-09.  This is especially true where the agreement provides that any dispute must be submitted to arbitration.  *See Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 581 (5th Cir. 1986) (finding district court had power to award attorney fees because that issue was not submitted to arbitration but observing the argument against that finding "would have more merit" if agreement had clause mandating an arbitral resolution of all disputes).

In *Menke*, an investor had obtained an arbitration award against her broker, and sought confirmation of the award.  17 F.3d at 1008.  The district court denied Menke attorney fees, and she argued to the court of appeals that under state law she was entitled to attorney fees incurred during an appeal.  *Id.* at 1008-09.  The Seventh Circuit held that although the confirmation action "is a necessary prerequisite to recovering [an] arbitration award," such an action differs from an appeal because it "is intended to be a

summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Id.* at 1009. Observing the FAA did not authorize an award of attorney fees, the court affirmed the district court's denial of such fees. *Id.* at 1009-10.

*Menke* is persuasive, even where, as here, the basis for fees is in the agreement itself rather than in a state-law provision. Congress passed the FAA into law in order for district courts to play an important role in encouraging arbitration. *See Hall St.*, 552 U.S. at 581. The statute provides an incentive for parties to engage in arbitration by lending the force of a court order to the result for the prevailing party, and opening a narrow escape hatch for the loser. The importance of the role is captured in its limits; any overstepping of the statutory mandate would undermine the congressionally-evaluated efficiency of the arbitration system, and it would deter parties from arbitrating. Therefore, the court does not directly enforce the contract, but only performs the few tasks authorized by statute. Just as it does not review the entire arbitration as an appellate court might, it does not enforce parts of the contract that might have been submitted to arbitration. Because the review is circumscribed, and because the FAA does not authorize the court to enforce the contract or award attorney fees pursuant to the contract, the court is without power to award Plaintiff its fees and costs incurred in confirming the award.

As the *Schlobohm* court observed, this is particularly so when the parties have explicitly contracted to submit all disputes to arbitration. Stated another way, even if the court were to find that the FAA allowed the enforcement of an attorney fees and costs provision with respect to the confirmation proceeding following the arbitration, where an "all disputes" clause is present, a strict construction of the agreement would prohibit the

4

court from awarding costs and fees because that dispute, too, must be submitted to an arbitrator. See 806 F.2d at 581; cf. Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A., 334 F.3d 721, 726-27 (8th Cir. 2003) (holding that district court did not err in declining to review arbitrator's decision that fee-shifting provision was unconscionable because had the court ruled on the matter "the decision would have thwarted Congress's intent to allow parties that contract to have their conflicts settled outside the judicial realm to have these contracts enforced").

Here, paragraph 19 of the Note is an exemplary "all disputes" clause. It clearly states that "[i]n the event of *any* dispute, claim, disagreement and/or controversy of *any* kind or nature, arising out of or relating in *any*way to this transaction, its subject matter, . . . default or termination *shall be* submitted to binding arbitration . . . ." (Mot. Br. Ex. 2, Note ¶ 19 (emphases added).) This attorney fee motion constitutes "any dispute . . . of any kind . . . relating in anyway" to the underlying loan. Thus, even if the court were to reach and enforce the contract, it would not award Plaintiff its costs and attorney fees. If Plaintiff seeks fees and costs, it must go back to arbitration, because that is the forum for which the parties bargained.

### III. CONCLUSION

The FAA does not authorize a court to order the payment of attorney fees and costs associated with the confirmation of an arbitration award to the prevailing party on the basis of the underlying contract. Accordingly, IT IS ORDERED that Plaintiff's "Motion for Costs and Attorney Fees" [Dkt. # 28] is DENIED.

         s/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated: August 2, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 2, 2011, by electronic and/or ordinary mail.

         s/Lisa Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522